IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
: CASE NO. 1:10 CR 00432
UNITED STATES OF AMERICA, :
:
Plaintiff, : <u>MEMORANDUM AND ORDER</u>
: <u>DENYING THE DEFENDANTS'</u>
-vs- : <u>MOTIONS TO DISMISS</u>
:
:
MARVIN P. TANNER, et al, :
:
Defendants.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court are defendant Martin Tanner's and defendant Nathan Feagin's respective motions to dismiss the indictment. (Docs. 371, 388, 420). The government has filed a brief in opposition. (Doc. 650). For the reasons that follow, the defendants' motions will be denied.

**I. Discussion**

On 29 September 2010, Mr. Tanner and Mr. Feagin (collectively, "defendants"), along with twenty-one others, were indicted on drug conspiracy charges in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. (Doc. 1). Mr. Feagin and Mr. Tanner were also each charged with the unlawful use of a communication facility in violation of 21 U.S.C. § 843(b). (Doc. 1).

Mr. Tanner now moves to dismiss the conspiracy count, and Mr. Feagin challenges both counts. Both defendants provide the Court with a wealth of legal authority establishing the essential elements of the crimes with which they are charged and the sort of evidence required to prove those crimes. They maintain that dismissal of the indictment is warranted because the government does not possess evidence to prove the charged crimes beyond a reasonable doubt. For instance, with respect to the conspiracy charge, both defendants assert that the government must prove that there was an agreement to commit a crime and that the defendants knew of and joined in the agreement. (Doc. 420, pp. 6-7). Mr. Tanner argues that, at most, the evidence shows that he was a wholesale purchaser of illegal narcotics, but there is no proof that he knew of any criminal agreement or that he participated in one. (Doc. 420, p. 10). Mr. Feagin likewise contends that the evidence is insufficient to support the charges, and he maintains, inter alia, that the mere fact that he allegedly purchased illegal narcotics is insufficient to support a conspiracy conviction. (Doc. 371, pp. 7-10).

The trouble with these arguments, and all the others advanced by the defendants, is that they require the Court to take on the role of fact finder. On a motion to dismiss a criminal indictment, the Court does not "evaluate the evidence upon which the indictment is based." United States v. Landham, 251 F.3d 1072, 1080 (6th Cir. 2001) (citing Costello v. United States, 350 U.S. 359, 362-63 (1956)). Rather, the evidence is tested by a jury, at trial. United States v. Short, 671 F.2d 178, 183 (6th Cir. 1982). This principle has particular importance in a conspiracy case, where direct evidence of an illicit agreement is generally lacking. Id. at 182-83. "The existence of a conspiracy may be inferred from circumstantial evidence that can reasonably be

2

interpreted as participation in the common plan." United States v. Martinez, 430 F.3d 317, 330 (6th Cir. 2005) (internal quotation marks omitted). A pretrial motion to dismiss is not the proper vehicle for challenging the sufficiency of the evidence and the inferences that a jury may reasonably draw from it. See Short, 671 F.2d at 182-83. The defendants' arguments are accordingly rejected.

The relevant inquiry on a motion to dismiss pursuant to Federal Rule of Criminal Procedure 12(b)(3) is whether the indictment itself, not the evidence underlying it, is sufficient. Landham, 251 F.3d at 1080. In the present case, because the defendants advance not one argument under the applicable standard, their motions will be denied.

## II. Conclusion

For the reasons stated, the defendants' motions to dismiss the indictment are denied (resolving Docs. 371, 388, 420).

IT IS SO ORDERED.

                                                    /s/ Lesley Wells  
                                                    UNITED STATES DISTRICT JUDGE

Date:  17 May 2013